**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| EDWARD J. WARD, | |
| **Plaintiff,** | |
| **v.** | **Civil No.** 11-1065 (FAB) |
| RIO MAR ASSOCIATES, INC., *et al.*, | |
| **Defendants.** | |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court is a motion to dismiss, (Docket No. 10), filed by defendant WHM Carib, LLC ("WHMC" or "defendant"). Having considered the arguments contained in defendant's motion, plaintiff's opposition, defendant's reply, and plaintiff's surreply, the Court **DENIES** the motion to dismiss.

**I.   Background**

Plaintiff Edward J. Ward is a Pennsylvania resident who allegedly slipped and fell at the Wyndham Rio Mar Beach Resort & Spa on March 3, 2009.  (Docket No. 1 at ¶¶ 3, 9-12.)  Plaintiff asserts that his fall was caused by WHMC's negligence in failing to maintain, repair, and inspect the premises, and that the accident

_____

[1] Hannah L. Miller, a second-year student at University of Michigan Law School, assisted in the preparation of this Opinion and Order.

caused him to incur personal injury, pain, mental anguish, and special damages. <u>Id</u>. at ¶¶ 13-15, 18.

On February 19, 2010, plaintiff Ward filed a complaint in Delaware against Tishman Hotel & Realty, L.P., Tishman Realty & Construction Co., Inc., Wyndham World Wide Corp., and Rio Mar Associates L.P., S.E., all doing business as Rio Mar Beach Resort & Spa, a Wyndham Grand Resort. (Docket No. 10 at 6.) Roughly four months later, on June 23, 2010, one co-defendant notified plaintiff Ward that WHMC would be a more appropriate defendant than two of the co-defendants at the time. (<u>See</u> Docket No. 15-3.) Plaintiff did not amend the complaint in response to this new information. (<u>See</u> Docket No. 15-2.) On November 30, 2010, the Superior Court of the State of Delaware dismissed the case on grounds of *forum non conveniens*, and allowed ninety days for plaintiff Ward to file an identical suit in Pennsylvania or Puerto Rico on the condition that the defendant "waive the statute of limitation argument" if the matter were to be filed in Puerto Rico. (<u>See</u> Docket No. 15-2 at 21.)

On January 20, 2011, plaintiff filed a complaint against Rio Mar Associates, Inc. and WHM Carib, LLC in this Court, alleging claims for negligence pursuant to article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. (<u>See</u> Docket No. 1

at ¶¶ 15-19.)  The complaint in this case names WHMC, who was not

a party to the original Delaware action, as a defendant.  (See

Docket No. 1 at ¶¶ 4-8, 21.)  On April 6, 2011, WHMC filed a motion

to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on

the grounds that the one-year statute of limitations under

article 1802 of the Civil Code of Puerto Rico had expired with

regard to any claims brought against itself.  (See Docket No. 10

at 2.)  WHMC maintains that it is not barred from raising a statute

of limitations defense because it was not a defendant in the

Delaware action.  (See id. at 7.)  In its opposition to defendant's

motion to dismiss, plaintiff argued (1) that the statute of

limitations period did not begin to run until June 23, 2010, when

the plaintiff learned that WHMC was an appropriate defendant, and

(2) that the filing of an action against one defendant tolls the

limitations period for a subsequent action against parties who are

allegedly jointly liable under Puerto Rico law.  (See Docket

No. 15.)

     WHMC filed a reply, arguing that the statute of limitations

period was triggered on the date of the injury, not on the date on

which the plaintiff actually learned that WHMC was potentially

liable, because the plaintiff should have been able to identify the

proper defendants at that time.  Defendant argues that plaintiff

was not sufficiently diligent in investigating the identities of the defendants, and therefore should be held to the earlier statute of limitations start date.  (<u>See</u> Docket No. 22.)  Plaintiff filed a surreply that (1) disputed defendant's claims of negligence with respect to plaintiff's investigation of potentially liable parties, and (2) reiterated that the inclusion of WHMC in this case is permissible despite the fact that WHMC was not a party to the waiver agreement because the original Delaware action tolled the limitations period as to subsequent actions against joint tortfeasors.  (<u>See</u> Docket No. 25.)

## II.  Legal Analysis

### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) is the vehicle to request the dismissal of a case for failure to state a claim upon which relief may be granted.  To adjudicate a motion to dismiss, the Court must accept as true all the factual allegations contained in the complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (citations omitted).  These allegations are viewed through the prism of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).

"Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under [Rule 12(b)(6)], provided that 'the facts establishing the defense [are] clear on the face of the plaintiff's pleadings.'" Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 320 (1st Cir. 2008) (quoting Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir. 2001)).  "Where the dates included in the complaint show that the limitations period has been exceeded and the complaint fails to sketch a factual predicate that would warrant the application of either a different statute of limitations period or equitable estoppel, dismissal is appropriate."  Id.

**B.   Joint Liability and the Tolling of the Limitations Period**

WHMC contends that the plaintiff's action is time-barred due to the expiration of the one-year statute of limitations. (Docket No. 10 at 2.)  The Court disagrees.

The limitations period for actions brought pursuant to article 1802 is one year.  P.R. Laws Ann. tit. 31, § 5298.  The period begins to run as soon as the injured party knows or should know of the injury and of the likely identity of the tortfeasor. Tokyo Marine & Fire Ins. Co., Ltd., v. Perez & Cia. de Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir. 1998); Rose v. Embassy Suites Hotel, No. 09-1673, 2011 WL 521438, at *3 (D.P.R. Feb. 14, 2011); Kolker

Civil No. 11-1065 (FAB)                                                    6

v. Hurwitz, No. 09-1805, 2011 WL 292264, at *6 (D.P.R. Jan. 31,
2011).

          The parties disagree about the date on which the
limitations period began to run. (See Docket No. 10 at 2; Docket
No. 15 at 3.)  Defendant implies that the statute of limitations
period began to run as to all parties on March 3, 2009, the date of
the injury.  (See Docket No. 22.)  Plaintiff, on the other hand,
maintains that the limitations period began to run as to WHMC on
June 23, 2010, when plaintiff actually learned that WHMC was the
property management company and hence potentially liable. (Docket
No. 15 at 3.)  Defendant retorts that plaintiff *should have*
identified the property management company sooner, given that
plaintiffs have a duty to be diligent in investigating the
identities of their tortfeasors, and that WHMC is easily
identifiable as the hotel's property management company on a public
website.  (Docket No. 22 at 2-4.)

          The Court need not decide the date on which the
limitations period began to run for the purpose of resolving
defendant's motion to dismiss.  Under Puerto Rico law, the filing

of an action against one solidarily liable[2] defendant tolls the
statute as to all defendants solidarily liable with the first.
Rodriguez v. Suzuki Motor Corp., 570 F.3d 402, 411 (1st Cir. 2009);
see also P.R. Laws Ann. tit. 31, § 5304 ("Interruption of
prescription of actions in joint obligations equally benefits or
injures all the creditors or debtors."); Tokyo Marine and Fire Ins.
Co., Ltd., 142 F.3d at 3 ("the interruption of prescription against
one defendant also tolls the statute against any other defendants
who are solidarily liable with the first."); Rivera Otero v. Casco
Sales Co., 15 P.R. Offic. Trans. 868, 868 (P.R. 1984) (holding that
the extrajudicial tolling of the statute of limitations with
respect to one party affects all others jointly and severally
liable in the same way).  This rule applies "even when the
plaintiff had knowledge of the existence and identity of the other
co-defendants" and opted not to include them in the initial action.
Garcia Colon v. Garcia Rinaldi, 340 F.Supp.2d 113, 126 (D.P.R.
2004).

---

[2] "Solidarily liable" is "a term of art similar to, but not
strictly synonymous" with, "jointly and severally liable." Tokyo
Marine and Fire Ins. Co., Ltd., 142 F.3d at 4 n.1 (holding that
joint tortfeasors are solidarily liable).  A party is solidarily
liable for an injury when he is one of multiple actors that causes
that injury. Id. at 6.

Plaintiff in this case filed suit against one co-defendant, Rio Mar Associates, Inc., on February 19, 2010, less than one year after the date of injury, thereby tolling the limitations period as to Rio Mar Associates, Inc. *and* any other solidarily liable party. (See Docket No. 10 at 6.) Plaintiff alleges that defendants WHMC and Rio Mar Associates, Inc. are solidarily responsible for plaintiff's injury. (Docket No. 1 at ¶ 18.) Accordingly, plaintiff's action against WHMC is not barred by the statute of limitations. Rodriguez, 570 F.3d at 411; Tokyo Marine and Fire Ins. Co., Ltd., 142 F.3d at 3; Cintron-Alonso v. Gsa Caribbean Corp., 602 F.Supp.2d 319, 324 (D.P.R. 2009); Garcia Colon, 340 F. Supp.2d at 126; Rivera Otero, 15 P.R. Offic. Trans. at 868.

## III. Conclusion

For the reasons described above, defendant's motion to dismiss, (Docket No. 10), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 2, 2011.

s/ FRANCISCO A. BESOSA
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE